**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **J & J SPORTS PRODUCTIONS, INC.** | : | Case No. 1:08-CV-1350 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **GENNIE I. RODRIGUEZ, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Pending before the Court is Plaintiff's *Motion for Default Judgment*. (Doc. 6.) For the reasons discussed briefly below, Plaintiff's motion is granted, and the Court enters a final default judgment against Defendants, jointly and severally, in the amount of $3,270.75 in statutory damages, enhanced damages, attorneys' fees, and costs.

**I.     BACKGROUND**

On June 4, 2008, Plaintiff filed its Complaint, alleging that Defendants violated three provisions of the Communications Act of 1934: 47 U.S.C. §§ 605(a), 605(e)(4), and 553. (Doc. 1.) Specifically, Plaintiff claims that Defendants illegally intercepted and exhibited the May 5, 2007 De La Hoya – Mayweather televised boxing program in their establishment.

Copies of the Summons and Plaintiff's Complaint were served upon Defendants on June 18, 2008. (Docs. 4-5.) Thereafter, Defendants failed to answer or otherwise defend in this action.

As a result of Defendants' failure to appear, Plaintiff filed a Request for Default and the pending Motion for Default Judgment on October 27, 2008. (Doc. 6.) On October 29, 2008, the Clerk of the Court entered default against Defendants, and the Court scheduled a default hearing for November 21, 2008 (Doc. 7). Neither Defendant appeared at the hearing. The Court therefore took the pending motion under consideration.

## II. DISCUSSION

### A. Default Judgment Standard

Before a default judgment may be entered by the Court, the moving party must have first obtained an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Then, after default has been entered, the well-pled factual allegations of the complaint generally are accepted as true, except for those relating to the amount of damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Joe Hand Promotions, Inc. v. Zia*, No. 07-12466, 2008 U.S. Dist. LEXIS 12275, at *4 (E.D. Mich. Feb. 20, 2008). The Court, however, still must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. *See Chaudhuri v. Green*, No. 07-CV-6261-CJS, 2008 U.S. Dist. LEXIS 28630, at *5 (W.D.N.Y. March 26, 2008). In addition, where the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b).

### B. Statutory Violation Of 47 U.S.C. § 605(a)

Here, Plaintiff seeks default judgment on only its first cause of action – violation of 47 U.S.C. § 605(a). Section 605(a), subject to certain exceptions not relevant here, prohibits the unauthorized interception, receipt, exhibition, publication, or use of radio communications. *Id.*

Accepting Plaintiff's allegations as true, the Court finds that the Complaint establishes the elements of liability required to state a claim against Defendants under 47 U.S.C. § 605(a). Plaintiff had the contractual right to distribute the May 5, 2007 De La Hoya – Mayweather boxing program via closed-circuit television and encrypted satellite signal. Without authorization from Plaintiff and will full knowledge that the program was not to be received and exhibited by those unauthorized to

do so, Defendants unlawfully intercepted and exhibited the program willfully and for purposes of direct or indirect commercial advantage or private financial gain.

Accordingly, the Court grants Plaintiff's Motion for Default Judgment as to the first cause of action in the Complaint.

### C. Damages

For Defendants' violation of 47 U.S.C. § 605(a), Plaintiff has elected to pursue the following two damage awards. First, Plaintiff seeks statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides in pertinent part that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . ." Second, Plaintiff seeks enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), which provides in pertinent part that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation of subsection (a)."

The amount of damages awarded pursuant to 47 U.S.C. § 605 rests within the sound discretion of the Court. *See Buckeye Cablevision, Inc. v. Sledge*, No. 3:03-CV-7561, 2004 U.S. Dist. LEXIS 7578, at *4 (N.D. Ohio April 8, 2004).

Exercising this discretion, and based on the analyses and damages awards in analogous cases, the Court concludes that a statutory damages award of $1,500 and an enhanced damages award of $1,000 is appropriate in light of the circumstances of this case. *See, e.g.*, *J & J Sports Productions, Inc. v. Gallegos*, No. 08-201 (WHW), 2008 U.S. Dist. LEXIS 61066 (Aug. 5, 2008); *J & J Sports Productions, Inc. v. Reyes*, No. 07-C-6418, 2008 U.S. Dist. LEXIS 53308 (N.D. Ill. July 14, 2008). While the Court determines that Plaintiff is entitled to enhanced damages given the Complaint's

allegations and the low probability that a commercial establishment could intercept the program at issue merely by chance, *see Entm't by J & J v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002), the Court emphasizes that Plaintiff has not presented any allegations or evidence showing that Defendants' conduct was egregious enough to justify a more significant damages award, let alone an award of damages at or near the maximum allowed for a violation of 47 U.S.C. § 605(a). *See Gallegos*, 2008 U.S. Dist. LEXIS 61066, at *9-*13; *Reyes*, 2008 U.S. Dist. LEXIS 53308, at *5-*6; *Buckeye Cablevision, Inc.*, 2004 U.S. Dist. LEXIS 7578, at *6-*7. In particular, there is no evidence that Defendants violated the law more than once, and it also is unlikely that Defendants received a substantial monetary gain by exhibiting the program. *See Kingvision Pay-Per-View, Corp. v. Thirteen Thousand Lorain, Inc.*, No. 1:04-CV-1495, 2005 U.S. Dist. LEXIS 24327 (N.D. Ohio Oct. 20, 2005); *Buckeye Cablevision, Inc.*, 2004 U.S. Dist. LEXIS 7578, at *6-*7.

Accordingly, the Court awards Plaintiff total damages in the amount of $2,500.

### D. Attorneys' Fees And Costs

In addition to damages, Plaintiff seeks an award to recover attorneys' fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff has requested an award of fees and costs in the amount of $770.75 and supports the proposed amount of the award with an affidavit from Plaintiff's attorney. Having reviewed the affidavit and other supporting materials, the Court is satisfied that these requested fees and costs are reasonable and awards Plaintiff the amount of $770.75.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's *Motion for Default Judgment* (Doc. 6) is **GRANTED.** The Court enters a final default judgment against Defendants, jointly and severally, in the amount of $3,270.75 in statutory damages, enhanced damages, attorneys' fees, and costs.

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated:  November 25, 2008**